IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SADIQ OLASUNKA ADELEKE, ID # 792196, | ) ) | |
| Movant, | ) | No. 3:11-CV-2543-P |
| vs. | ) ) | No. 3:96-CR-0018-P (01) |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Vacate, Set Aside, or Correct Sentence brought by movant pursuant to 28 U.S.C. § 2255. The respondent is the United States of America ("the government").

### I. BACKGROUND

In 1996, movant pled guilty to, and was convicted of, making a false statement in an application for a passport and of impersonating a United States citizen and was sentenced to six months imprisonment, followed by three years supervised release. *United States v. Adeleke*, 3:96-CR-0018-P (N.D. Tex. May 16. 1996). He did not appeal his conviction and sentence. In his § 2255 motion, movant contends that his attorney was ineffective because he did not advise movant that he could be deported if he pled guilty to the charges and that his guilty plea was not voluntary because the court failed to advise him of the deportation consequences of pleading guilty. (Motion at 7). Movant includes as an exhibit a deportation order from the Department of Justice dated February 6, 1997. Movant is currently serving a forty-year sentence in state prison for aggravated sexual assault of a child. (*See* www.tdcj.state.ts.us, search for movant).

### II. NATURE OF CASE

A § 2255 motion is a petition for relief from a conviction or sentence made by a prisoner

under a federal sentence. Once a person has served his federal sentence, he is no longer "in custody" for purposes of § 2255, even if he remains incarcerated on state criminal charges. *See United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). When a person is no longer in custody for purposes of § 2255, the proper avenue for challenging the constitutionality of a conviction is through a petition for writ of error *coram nobis*. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Therefore, this Court will treat movant's motion as a petition seeking *coram nobis* relief.

A writ of *coram nobis* is reserved for correcting errors that result in a complete miscarriage of justice. *Esogbue*, 357 F.3d at 534. It is a standard even more demanding than the standard necessary to obtain relief under § 2255. *United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992). Furthermore, one who petitions for such relief must provide "sound reasons" for his failure to assert his claims in a § 2255 motion. *Escogbue*, 357 F.3d at 535.

### III. *PADILLA V. KENTUCKY*

In his three grounds for relief, movant asserts that he was denied ineffective assistance of counsel in his 1996 federal case and that his plea was therefore involuntary because appointed counsel did not inform him that he could be subject to deportation as a result of his guilty plea. As support for his claims, movant cites to *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). (Mot. at 7). He further asserts that he was unable to raise these claims earlier because *Padilla* had not yet been handed down by the Supreme Court and, even after it was handed down, he did not become aware of the opinion in *Padilla* until he read about it in a prison legal news magazine in August of 2010. (Reply at 2-3).

On March 31, 2010, the Supreme Court handed down *Padilla*, in which that Court held that counsel provides deficient performance if he or she fails to advise a client that a plea of guilty would make him subject to automatic deportation. In *Teague v. Lane*, 489 U.S. 288, 299-316 (1989), the

Supreme Court held that new constitutional rules of criminal procedure are generally inapplicable to convictions that became final before the rule was announced. Because movant pled guilty in 1996, his conviction has been final for many years. Therefore, under *Teague*, the new rule announced in *Padilla* may serve as a basis for movant's collateral challenge to his guilty plea only if it is not foreclosed by *Teague*. However, the Fifth Circuit has recently specifically held that the *Padilla* announced a new rule within the meaning of *Teague* and that, therefore, *Padilla* does not apply retroactively and may not serve as the basis for a collateral challenge to a final conviction. *United States v. Amer*, 681 F.3d 211, 213-14 (5th Cir. 2012).

Therefore, whether counsel was ineffective for failing to advise movant that he could be subject to deportation as a result of his guilty plea and whether his guilty plea was involuntary because he did not receive this admonishment must be judged according to law in effect prior to *Padilla*. The Fifth Circuit had previously held that the Sixth Amendment right to counsel did not impose any duty to advise a client of the immigration consequences of pleading guilty. *See Santos-Sanchez v. United States*, 548 F.3d 327, 336-37 (5th Cir. 2008); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Therefore, movant's claims for relief are without merit and are therefore denied.

## IV. PENDING MOTIONS

Movant has filed a motion to appoint counsel and two motions seeking an evidentiary hearing. This Court has determined that relief is foreclosed by relevant Fifth Circuit precedent. Accordingly, movant's pending motions (docs. 6, 9, 10) are denied.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** movant's petition for writ of error *coram nobis*, and his pending motions are **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing

§§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. In light of the ruling in this case, the court concludes that petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event of a notice of appeal, the court notes that Petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

**SIGNED this 22nd day of July, 2012.**

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.